**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                          Case No. 11-20129

PATRICK MICHAEL MCKEOUN

      Defendant.

_____/

### ORDER DENYING DEFENDANT'S "MOTION FOR DISCOVERY AND BRADY MATERIALS"

Before the court is Defendant Patrick Michael McKeoun's "Motion for Discovery and Brady Materials," filed on April 9, 2012.[1]  In his motion, Defendant requests that the Government provide various forms of discovery and materials consistent with Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1983), and the Standing Order of Discovery.  The Government filed a response indicating that it is aware of its responsibilities and intends to comply with them.  The court will therefore deny the motion.

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977).  Rather, "in most criminal prosecutions, the *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled."  *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988).  In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process

_____

[1]Defendant David Thomas Roberts has filed a "Notice of Joinder" in Defendant's motion.  (Dkt. # 48.)

where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady,* 373 U.S. at 87; *see also United States v. Bagley,* 473 U.S. 667 (1985); *Giglio v. United States*, 405 U.S. 150 (1972). However, "while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Presser*, 844 F.2d at 1281. The Supreme Court has stated that the "defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [Government's] files." *Pennsylvania v. Ritchie,* 480 U.S. 39, 59-60 (1987) (citations omitted). Indeed, the "Court has never held—even in the absence of a statute restricting disclosure—that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary." *Id.* Thus, when a defendant makes a request for *Brady* material, it is the Government "that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, *the prosecutor's decision on disclosure is final*." *Id.* (emphasis added) (footnote omitted). Consistent with this authority, the court will not issue an order compelling pre-trial discovery where, as here, the government has stated that it is aware of its obligations under *Brady*. As the Sixth Circuit stated in *Presser*, "the government has represented that it will comply with all of its *Brady* obligations in time for effective use of the *Brady* material at trial. The *Brady* doctrine did not create a constitutional right of pre-trial discovery in a criminal proceeding." *Presser,* 844 F.2d at

1284 (citing *Weatherford v. Bursey,* 429 U.S. at 559).  As such, there is no need for

court intervention.[2]

IT IS ORDERED that Defendant McKeoun's "Motion for Discovery and Brady

Materials" [Dkt. # 46] is DENIED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 16, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, May 16, 2012, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[2]Additionally, Defendant did not seek concurrence as required under the local
rules.  *See* E.D. Mich. LcrR 12.1(a); E.D. Mich. LR 7.1(a).