UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SCOTT WILLIAM SUTHERLAND, et al.

        Defendants.
_____/

Case No. 11-20129

HON. ROBERT H. CLELAND

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JEFF GARVIN SMITH, et al.

        Defendants.
_____/

Case No. 11-20066

HON. ROBERT H. CLELAND

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SMILEY VILLA,

        Defendant.
_____/

Case No. 12-20387

HON. ROBERT H. CLELAND

**ORDER APPOINTING EMMA M. GREENWOOD AS
COORDINATING DISCOVERY ATTORNEY**

     Emma M. Greenwood is hereby appointed Coordinating Discovery Attorney for the defendants. Her duties are defined within this Order along with the basis for her appointment.

     The Government alleges various charges in a 38-count indictment including, but not limited to, allegations of conspiracy to commit RICO violations; conspiracy to conduct an illegal gambling business; conspiracy to manufacture, distribute and possess with intent to distribute controlled substances; felon in possession of firearms and ammunition; false

statements to a Federal officer; assault in aid of racketeering activity, aiding and abetting; witness tampering and conspiracy to commit witness tampering; and perjury. The Government has not yet begun discovery production, although it is expected to be voluminous. The Government has provided to the defense a discovery index describing generally the following materials they intend to produce to the defense: 2000-3000 pages of Title III Applications/Orders; 12,000 pages of search warrant related materials; 500 pages of laboratory report related materials; 5000 pages of grand jury subpoena related documents and testimony; and 13,000 investigative reports, including many Jencks statements. In addition, the Government has indicated it expects to produce 111 gigabytes of Title III wire interceptions/audio calls. ==It is unclear at this point whether those audio files have corresponding line sheets and/or draft transcripts.==

      The number of defendants raises the risk of costly duplicative efforts to organize the discovery. Accordingly, the Coordinating Attorney shall address discovery issues that will avoid potential duplicative costs if defense counsel were to employ support services or staff to organize the discovery. Therefore, the Coordinating Attorney shall assess the most effective and cost-efficient manner in which to organize the discovery, utilizing methods that will benefit all defendants and avoid unnecessary trial delay. The Coordinating Attorney shall seek input from defense counsel as to their assessment on general discovery issues.

      The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all of the defendants. Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Attorney.

The Government shall provide discovery distributed to date to the Coordinating Attorney. To avoid delay in providing any additional discovery to defense counsel, additional discovery shall be provided directly to the Coordinating Attorney, who, in turn, shall duplicate and distribute the discovery to all defense counsel. The Government shall work with the Coordinating Attorney to provide discovery in a timely manner and in a manner consistent with the policies of this Court.

Defense counsel may still require support services for the particular needs of their case, but prior to petitioning for any support staff funds, defense counsel must confer with the Coordinating Attorney to determine whether such services are already being addressed or could be addressed in whole or in part.

The Coordinating Attorney shall petition this Court, *ex parte*, for funds for staffing or outside services and shall monitor all vendor invoices. All petitions shall include a basis for the requested funds and a determination that the costs of the services are reasonable. The Coordinating Attorney shall also review all vendor invoices to assure that invoiced costs were for work agreed to be performed.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 15, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 15, 2012, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522