**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 11-CR-20129-35

WAYNE R. WERTH,

    Defendant.
_____/

**ORDER STRIKING PENDING MOTIONS**

Before the court are two documents filed pro se by Defendant Wayne R. Werth: a purported "Ex Parte Omnibus Motion," and an "Addendum" to that "motion. The court will strike the motions because, at the time of the filings, Defendant was represented by counsel. Additionally, even if the court were to accept the pro se filings, they would be rejected as they do not conform with the local rules, Defendant did not seek concurrence before filing, the court does not accept addenda, and much of the relief sought in Defendant's "omnibus" motion is not allowed.

Defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right protected both by the Sixth Amendment to the United States Constitution and by federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States*

*v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a party may chose *either* to represent himself or to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel. A person represented by counsel must rely upon that counsel. *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 n.1 (E.D.Pa.1981); *United States ex rel. Snyder v. Mack*, 372 F.Supp. 1077, 1078-79 (E.D.Pa.1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352-53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writer). In light of this case law, the court will only accept motions filed by Defendant's attorney of record.

IT IS ORDERED that Defendant Werth's "Ex Parte Omnibus Motion" and "Addendum" [Dkt. ## 558, 559] are hereby STRICKEN from the docket of this court.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2013, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522