**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 11-CR-20129-35

WAYNE R. WERTH,

    Defendant.
_____/

**ORDER STRIKING PENDING MOTIONS**

Before the court are three documents filed pro se by Defendant Wayne R. Werth and docketed in the month of June. The court will strike the motions because, at the time of the filings, Defendant was represented by counsel. Additionally, even if the court were to accept the pro se filings, they would be rejected in any event as they do not conform with the local rules, and Defendant did not seek concurrence before filing.[1]

Defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right protected both by the Sixth Amendment to the United States Constitution and by federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540

---

[1] For example, there is not an adequate margin on Defendant's papers, nor are they double-spaced. The hand printing is generally legible, but too small to replicate 13 point font. If in the future the court were to permit filings by Defendant pro se, they will be required to conform in these and the other Local Rules. A failure to so comply will result in the Clerk striking the non conforming paper through a text entry order, and returning the paper to Defendant.

(5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a party may chose *either* to represent himself or to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel. A person represented by counsel must rely upon that counsel. *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 n.1 (E.D.Pa.1981); *United States ex rel. Snyder v. Mack*, 372 F.Supp. 1077, 1078-79 (E.D.Pa.1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352-53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writer).

IT IS ORDERED that the three documents filed pro se in June 2013 by Defendant Werth [Dkt. ## 616, 617, 625] are hereby STRICKEN from the docket of this court.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 16, 2013, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522